UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JEREMIAH PATRICK, )<br>)<br>        Plaintiff   )<br>)<br>  vs.                  )<br>)<br>OSCAR COWEN, JR., Sheriff of Starke )<br>County, Indiana, individually and in   )<br>his official capacity; STARKE COUNTY, )<br>INDIANA; and STARKE COUNTY    )<br>SHERIFF'S MERIT BOARD,         )<br>)<br>       Defendants  )  | CAUSE NO. 3:14-CV-782 RLM |

OPINION AND ORDER

Jeremiah Patrick alleges that in July 2013 he was wrongfully terminated from his position with the Starke County Sheriff's Department. Mr. Patrick claims in his action brought under 42 U.S.C. § 1983, 28 U.S.C. § 1331, and 28 U.S.C. § 1334 that the defendants violated his rights under the Fourteenth Amendment to the United States Constitution (Count I), the defendants violated his procedural and substantive due process rights under Indiana Code § 36-8-10 *et seq.* (Count II), and the defendants' actions constituted a breach of contract (Count III). The case is before the court on the defendants' motion for partial dismissal of Mr. Patrick's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The defendants say Starke County, Indiana is not a proper defendant and should be dismissed, and Count II should be dismissed, as well, because Indiana Code § 36-8-10-11 creates no private right of action. Mr. Patrick agreed in his response to

the motion that Starke County should be dismissed as a defendant, but disagrees that Count II should be dismissed. Mr. Patrick filed his response brief along with an amended complaint that substitutes the Starke County Sheriff's Department for Starke County, Indiana as a defendant. He represents that the substantive allegations of the original complaint are otherwise unchanged. *See* Amd. Compl., at n.1.

Because Mr. Patrick dismissed his claims against Starke County, Indiana in his amended complaint, the defendants' first ground for dismissal will be denied as moot. And while the court generally would deny without prejudice a motion to dismiss addressing an original complaint once an amended complaint is filed, because Mr. Patrick's amended complaint contains no substantive changes to the facts or claims of the original complaint, the court will view the defendants' remaining ground for dismissal as addressing Count II of the amended complaint.

*Facts*

Mr. Patrick alleges that on or about May 16, 2013, while employed as a deputy with the Starke County Sheriff's Department, he completed and submitted the necessary paperwork to be granted time off under the Family Medical Leave Act. Mr. Patrick says he didn't receive any notice from the Sheriff's Department confirming that the leave time he was granted was designated as qualifying time under FMLA.

On July 2, Sheriff Cowen wrote to Mr. Patrick to inform him that Sheriff's Department records showed that Mr. Patrick's twelve weeks of FMLA leave was due to expire on July 5; Sheriff Cowen indicated that Mr. Patrick should report any disagreement he might have. Mr. Patrick presented a letter to the Sheriff on July 3 setting forth his disagreement with the July 5 expiration date; at that same time, Mr. Patrick gave the Sheriff a doctor's note indicating that he would be unable to return to work until July 29. Mr. Patrick says he received a second letter from Sheriff Cowen on July 16 informing him that his FMLA leave had expired, his position had been reassigned to another officer, and he was no longer employed with the Starke County Sheriff's Department based on his failure to contact his employer during his time off.

Mr. Patrick claims that before July 16, 2013 (the effective date of his termination), he never received written notice of disciplinary charges, notice of a hearing, notice of his right to a hearing, or notice of his right to counsel as required by Indiana Code § 36-8-10-11. He asserts that "despite the clear due process requirements applicable to all sheriff's deputies provided via Indiana statute, the Department (via the actions of Sheriff Cowen and the actions – or lack thereof – of the Merit Board) terminated [his] employment in violation of his statutory and constitutional protections." Amd. Compl., ¶ 16.

Mr. Patrick filed a petition for reinstatement with the Merit Board on January 30, 2014, claiming that he had been illegally terminated and that the Sheriff didn't have the authority to unilaterally terminate his employment. He filed

a supplement to his reinstatement petition on February 20, and the Merit Board scheduled a hearing on his petition for March 11. According to Mr. Patrick, before to that hearing, his attorney received a telephone call from the Merit Board president, who told counsel that the Merit Board wouldn't be granting Mr. Patrick's petition for reinstatement or his request for back pay regardless of any evidence or argument presented at the hearing. Mr. Patrick reports that he withdrew his petition for reinstatement on March 10, "[k]nowing that any hearing before the Merit Board would be futile." Amd. Compl., ¶ 21.

Mr. Patrick claims in his amended complaint that the defendants violated his procedural and substantive due process rights under the Fourteenth Amendment by not filing formal disciplinary charges, not providing him with notice of those charges, and not conducting a disciplinary hearing (Count I); violated the procedural and substantive due process rights "conferred to him via Indiana statute" by not conducting "the removal and appeals process proscribed by Indiana Code § 36-8-10 et seq." (Count II); and violated Indiana law by breaching the parties' contract (Count III). He seeks reinstatement to his prior position, lost wages and benefits, compensatory damages, punitive damages against defendant Oscar Cowen in his individual capacity, attorney fees, and costs.

The defendants move to dismiss Count II of the amended complaint based on their argument that Mr. Patrick isn't entitled to the relief he seeks under Indiana Code § 36-8-10 *et seq.*, the statute upon which he relies. According to the

defendants, Section 36-8-10-11 sets forth a detailed framework for Sheriff's Department employees to challenge a termination decision, and because Mr. Patrick didn't take advantage of those remedies, a private right of action to enforce the statute is not available to him.

*Motion to Dismiss Standard*

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must accept as true the factual allegations of the complaint and draw all reasonable inferences in favor of the plaintiff without engaging in fact-finding. Reynolds v. CB Sports Bar, Inc., 623 F.3d 1143, 1146 (7th Cir. 2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (*quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678 (*citing* Bell Atlantic Corp v. Twombly, 550 U.S. at 556). The allegations of the complaint "must be enough to raise a right to relief above the speculative level" and give the defendant fair notice of the claims being asserted and the grounds upon which they rest. Bell Atlantic Corp. v. Twombly, 550 U.S. at 555.

*Discussion*

5

Indiana Code § 36–8–10–11(a) creates in sheriff's deputies a property interest in their jobs and entitles them to procedural due process protections. Marion County Sheriff's Merit Bd. v. Peoples Broadcasting Corp., 547 N.E.2d 235, 239 (Ind. 1989). That section provides that a Sheriff

> may dismiss, demote, or temporarily suspend a county police officer for cause after preferring charges in writing and after a fair public hearing before the [merit] board, which is reviewable in the circuit court. Written notice of the charges and hearing must be delivered by certified mail to the officer to be disciplined at least fourteen (14) days before the date set for the hearing. The officer may be represented by counsel. The [merit] board shall make specific findings of fact in writing to support its decision.

The scope of the property interest created by Section 36-8-10-11(a) is limited by Section 36-8-10-11(b), which provides that a Sheriff may temporarily suspend an officer without a merit board hearing for a period not exceeding fifteen days, Vasquez v. Lake County Sheriff's Dep't, No. 2:07-CV-180, 2008 WL 5070450, at *8 (N.D. Ind. Nov. 25, 2008), but neither party has argued that subsection (b) applies here. A police officer dissatisfied with the merit board's decision can file an appeal in circuit court within thirty days of the date of the decision being challenged. IND. CODE § 36-8-10-11(e). "The reasons for requiring a party to seek administrative remedies are well established. Premature litigation may be avoided, an adequate record for judicial review may be compiled, and agencies retain the opportunity and autonomy to correct their own errors." State Board of Tax Comm'rs v. Montgomery, 730 N.E.2d 680, 684 (Ind. 2000).

The defendants say that Mr. Patrick's claim for violation of Indiana Code § 36-8-10-11(a) should be dismissed because he voluntarily chose to not take advantage of the available procedures, negating his ability to plead a private right of action in this court to enforce the statute. The defendants note that Mr. Patrick says in his complaint that the merit board scheduled a hearing on his petition for reinstatement, but he withdrew his petition before the hearing. The defendants maintain that rather than filing suit in this court claiming a violation of the statute, Mr. Patrick should have continued through the statutory process to remedy the concerns he had about his termination. The defendants conclude that because Mr. Patrick didn't exhaust his administrative remedies, Count II of his amended complaint should be dismissed for failure to state a claim upon which relief can be granted.

Mr. Patrick has advanced two arguments – futility and estoppel – in response to the defendants' argument that he was required to exhaust his administrative remedies, but the court needn't reach the merits of the exhaustion argument. Giving the words of the statute their plain and ordinary meaning, Miller v. LaSalle Bank Nat'l Ass'n, 595 F.3d 782, 786 (7th Cir. 2010) (*citing* Basileh v. Alghusain, 912 N.E.2d 814, 821 (Ind. 2009), and City of Carmel v. Steele, 865 N.E.2d 612, 618 (Ind. 2007)), Indiana Code § 36-8-10-11(a) and (b) provide that a Sheriff can dismiss a county police officer for cause only "after a fair public hearing before the [merit] board" if, as here, the punishment exceeds a fifteen-day suspension. *See* McCorkle v. Henry County, No. 1:04-CV-1942, 2005 WL

7

2035501, at *2 (S.D. Ind. Aug. 22, 2005) ("[T]he Board members had a statutory duty under Indiana Code § 36-8-10-11 to conduct a hearing if the Sheirff's punishment exceeded a fifteen-day suspension."). The defendants complain that Mr. Patrick didn't follow through with the March 2014 merit board hearing on his petition for reinstatement, but Mr. Patrick has alleged that he wasn't afforded a hearing before his July 16, 2013 receipt of a letter from Sheriff Cowen telling him that he was no longer employed with the Starke County Sheriff's Department. Accepting the amended complaint's factual allegations as true, as the court must do at this stage, Mr. Patrick's allegations are sufficient to state a claim for violation of Indiana Code § 36-8-10-11, and the defendants' motion for dismissal of Count II will be denied.

*Conclusion*

Based on the foregoing, the court DENIES as moot the defendants' motion to dismiss Starke County, Indiana as a defendant and DENIES the defendants' motion to dismiss Count II of the amended complaint [docket #12].

SO ORDERED.

ENTERED:    July 14, 2014

                                         /s/ Robert L. Miller, Jr.
                                         Judge, United States District Court