UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JEREMIAH PATRICK, | ) |
| Plaintiff | ) ) ) |
| vs. | ) CAUSE NO. 3:14-CV-782 RLM ) |
| OSCAR COWEN, JR., individually and as Sheriff of Starke County, Indiana and STARKE COUNTY SHERIFF'S DEPARTMENT, | ) ) ) ) ) ) |
| Defendants | ) |

OPINION and ORDER

Defendants Oscar Cowen and the Starke County Sheriff's Department ask the court to reconsider this court's April 2016 order denying in part and granting in part their summary judgment motion [Doc. No. 72]. They request that the court reconsider that order with respect to plaintiff Jeremiah Patrick's FMLA claim (Count IV) and enter summary judgment on behalf of the defendants on that claim. The court's April 2016 order includes a presentation of the relevant facts in this case, which needn't be repeated here. [Doc. No. 67 at 2-6]. For the reasons that follow, the court denies the motion to reconsider.

Federal Rule of Civil Procedure 54(b) provides that a court may alter or amend an interlocutory order any time before entry of final judgment. *See* <u>Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.</u>, 460 U.S. 1, 12 (1983) ("[E]very order short of a final decree is subject to reopening at the discretion of the district judge."). Unlike a motion to reconsider a final judgment, which must meet the requirements of Federal Rules of Civil Procedure 59 or 60, "a motion to

1

reconsider an interlocutory order may be entertained and granted as justice requires." Akzo Coatings, Inc. v. Aigner Corp., 909 F.Supp. 1154, 1160 (N.D. Ind. 1995).

Reconsideration of an interlocutory order may be appropriate when the facts or law on which the decision was based change significantly after issuance of the order, or when "the [c]ourt has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the [c]ourt by the parties, or has made an error not of reasoning but of apprehension." Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir.1990). "These grounds represent extraordinary circumstances, and the granting of a motion to reconsider is to be granted only in such extraordinary circumstances . . . Indeed, the court's orders are not mere first drafts, subject to revision and reconsideration at a litigant's pleasure." United States Securities and Exch. Comm'n v. National Presto Indus., Inc., No. 02–C–5027, 2004 WL 1093390, at *2 (N.D. Ill. Apr. 28, 2004) (internal quotations omitted). Motions to reconsider serve a limited function: "to correct manifest errors of law or fact or to present newly discovered evidence." Caisse Nationale de Credit Agricole v. CBI Indus., Inc., 90 F.3d 1264, 1269 (7th Cir. 1996). A party seeking reconsideration can't introduce new evidence or legal theories that could have been presented earlier or simply rehash previously rejected arguments. Id.

The defendants present three arguments in their motion to reconsider: (1) Mr. Patrick's FMLA claim was significantly reconfigured during a hearing on the defendants' summary judgment motion, (2) any inadequacies with the notice

2

provided by the defendants weren't the cause of Mr. Patrick's failure to return to work when his FMLA leave expired, and (3) there is no evidence to support Mr. Patrick's FMLA retaliation claim.

The defendants first argue that "the issues as understood between the parties with respect to [Mr. Patrick's] FMLA claims were dramatically altered at the [summary judgment hearing] . . . result[ing] in an [o]rder which adjudicated these claims rather than the claims briefed by the parties and evaluated through the discovery process." The defendants contend that Mr. Patrick's FMLA claim in his second amended complaint was based "entirely on the premise that [he] was terminated prior to the conclusion of his FMLA leave," but at the hearing the court elicited new FMLA retaliation and notice claims.

Mr. Patrick raised these claims before the hearing in his second amended complaint and his briefing in response to the defendants' summary judgment motion. Mr. Patrick's FMLA retaliation claim can be found in paragraph 34 of his second amended complaint, where he describes his termination "as retaliatory in nature" as part of his FMLA claim. [Doc. No. 42 at ¶ 34]. Mr. Patrick didn't address this claim in his response to the defendants' summary judgment motion, but, as the court noted in its April 2016 order, he was under no obligation to do so because the defendants' didn't move for summary judgment on that claim. [Doc. No. 67 at 16].

Mr. Patrick presented his deficient notice theory in paragraph twelve of his second amended complaint. [Doc. No. 42 ¶ 12]. He also presented his theory that the defendants' allegedly deficient notice constituted interference, restraint, or

3

denial of his FMLA rights in his brief responding to the defendants' summary judgment motion. [Doc. No. 52 at 6–10]. Because the issues of retaliation and notice were properly before the court before the hearing, reconsideration of those issues isn't appropriate.

Next, the defendants argue that the court should reconsider its ruling on Mr. Patrick's deficient notice theory for his FMLA interference claim because "it was not previously identified as a separate claim until the March 2nd hearing." As noted previously, Mr. Patrick didn't wait until the hearing to raise his notice theory for his FMLA interference claim; he raised it in his response brief and raised the factual basis for it in his second amended complaint.

Any argument that Mr. Patrick raised a new claim not pleaded in his second amended complaint is unavailing. "[It] is factual allegations, not legal theories, that must be pleaded in a complaint." Whitaker v. Milwaukee Cty., Wisconsin, 772 F.3d 802, 808 (7th Cir. 2014). New legal theories can be articulated in response to a summary judgment motion without seeking leave to amend the complaint. Id.

The defendants next contend that Mr. Patrick's notice theory fails because any notice deficiencies weren't the cause of Mr. Patrick's failure to return to work; they claim Mr. Patrick's health condition, as determined by his doctor, wouldn't have allowed him to return to work. But the court can't consider this new legal argument that could have been argued earlier because it goes beyond the limited purpose of a motion to reconsider. Caisse Nationale de Credit Agricole v. CBI Indus., Inc., 90 F.3d 1264, 1269 (7th Cir. 1996).

Finally, the defendants argue that this court should reconsider its April 2016 order because there is no evidence to support Mr. Patrick's FMLA retaliation claim. In support, the defendants cite this court's order, which noted that the evidence in the record wouldn't support a finding of retaliation. [Doc. No. 67 at 16]. But the defendants don't claim that they moved for summary judgment on this claim, and as already noted, "Mr. Patrick [was]n't required to come forth with evidence on a claim as to which summary judgment wasn't sought." Id.

The defendants' motion to reconsider included an attached Second Motion for Summary Judgment. [Doc No. 73-1]. This summary judgment motion was filed without leave of the court after the January 15, 2016 dispositive motion deadline. The defendants noted in their reply brief that the court shouldn't consider this Second Motion for Summary Judgment unless it granted the motion to reconsider.

Based on the foregoing, the court DENIES the defendants' motion to reconsider [Doc. No. 72] and DECLINES to consider defendants' Second Motion for Summary Judgment [Doc No. 73-1].

SO ORDERED.

ENTERED:   March 15, 2017

/s/Robert L. Miller, Jr.
Judge, United States District Court